UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIO R. MAMOT, <br><br> Plaintiff, <br><br> -against- <br><br> NYS GOV. ANDREW CUOMO; NYS ATTORNEY GEN. LETITIA JAMES; NYS EDUCATION COMMISSIONER MARY ELIA, <br><br> Defendants. | 21-CV-6732 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking federal question jurisdiction under 28 U.S.C. § 1331. He sues New York State officials, asserting that he is "a victim of racial discrimination due to [his] being Filipino American." (ECF 2, at 2.) By order dated October 28, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

The court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

      The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

      Plaintiff brings this action against former New York State Governor Andrew Cuomo, New York State Attorney General Letitia James, and former New York State Education Commissioner MaryEllen Elia, whom he identifies as Mary Elia. Plaintiff asserts that Defendants discriminated against him by denying him a license to practice speech pathology because of his race and national origin.

      The following information is taken from the complaint. From January 1988 to 1996, Plaintiff worked as a "contractual speech pathologist" with the New York City Board of Education. (ECF 2, at 9.) He was licensed by the State of Indiana as a professional speech

pathologist, and uses a "reciprocity arrangement" between Indiana and New York to practice in New York. (*Id*.) In 1996, however, the New York State Department of Education "took away [his] privileges" as a speech pathologist after he took but failed to pass a licensing examination. (*Id*. at 10.) Plaintiff contends that there was no examination and "[t]he real ugly head of total, flatout racism bubbled up." (*Id*. at 11.) As a result of the unlawful conduct, Plaintiff lost his job and his $225,000.00 yearly income.

This is not the first time that Plaintiff has asserted legal claims arising from the termination of his employment as a speech pathologist. Plaintiff litigated this matter in an Article 78 proceeding in state court and several federal actions. In 2001, after the dismissal of his state-court Article 78 proceeding, Plaintiff filed an action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York in which he alleged that New York State officials deprived him of due process and equal protection by denying him a license to practice as a speech pathologist because of his race and national origin. *See Mamot v. Bd. of Regents*, No. 00-CV-5337, 2001 WL 868287 (E.D.N.Y. July 25, 2001), *aff'd*, 36 F. App'x 471 (2d Cir. 2002) (*Mamot I*). That action was dismissed as barred by the Eleventh Amendment because New York had not consented to be sued under section 1983, and as time-barred because it was filed beyond the three-year statute of limitations for section 1983 claims. *See Mamot I*, 2001 WL 868287, at *2.

Undeterred, Plaintiff proceeded to file multiple similar or related actions over a span of several years. *See Mamot v. Bd. of Regents*, No. 09-CV-2094 (S.D.N.Y. Mar. 9, 2009) (dismissing complaint for failure to state a claim and on immunity grounds; warning Plaintiff that if he continued to file duplicative, frivolous, or meritless actions, he will be barred from filing any further actions IFP in this court without first obtaining permission); *Mamot v. Bd. of*

*Regents*, No. 08-CV-1451, 2008 WL 2433585 (E.D.N.Y. June 12, 2008) (dismissing complaint for lack of subject matter jurisdiction and on *res judicata* grounds), *aff'd*, 367 F. App'x 191(2d Cir. 2010); *Mamot v. NYC Bd. of Educ.* No. 01-CV-2597 (S.D.N.Y. Mar. 22, 2002) (granting defendants' motion to dismiss); *appeal dismissed* 02-7375 (2d Cir. Sept. 3, 2002); *Mamot v. Bd. of Regents*, No. 01-CV-0205 (S.D.N.Y. Jan. 24, 2002) (same); *Mamot v. NYS Atty. Gen.*, No. 01-CV-0643 (S.D.N.Y. Jan. 18, 2002) (same).

## DISCUSSION

**A.     Claim Preclusion**

The doctrine of claim preclusion, also known as *res judicata*, "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by

4

asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously asserted his claims stemming from the credentialing dispute with the New York State Department of Education in *Mamot I*, and the Eastern District of New York dismissed those claims as precluded under the Eleventh Amendment and time-barred. Plaintiff has attempted in multiple other actions to litigate the same claims against state officials, and those cases have also been dismissed. Because *Mamot I* and Plaintiff's other cases were adjudicated on the merits, involved the same parties or their privies, and arose out of the same sets of transactions as the current action, Plaintiff claims are barred under the doctrine of claim preclusion.

**B.     Eleventh Amendment and Issue Preclusion**

*Mamot I* was dismissed under the Eleventh Amendment, which is also considered a dismissal for lack of subject matter jurisdiction. *See Mamot*, 367 F. App'x at 193 (characterizing

Eleventh Amendment dismissal as a dismissal for lack of subject matter jurisdiction). Generally, claims that are dismissed for lack of subject matter jurisdiction are not considered a dismissal on the merits and the doctrine of claim preclusion does not apply. *See St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir.2000) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no [claim preclusive] effect.") But whether "sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit." *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)); *see also Adams v. Bosco,* No. 98-CV-8737, 1999 WL 165691, at *1, n.1 (S.D.N.Y. March 25, 1999) (recognizing that "the case law has some divergence on whether a dismissal for sovereign immunity under the Eleventh Amendment constitutes a final judgment on the merits" and that "there is some support for the proposition that '[a] dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover'" (citation omitted)).

Even assuming that the dismissal of Plaintiff's prior claims based on Eleventh Amendment sovereign immunity was not a decision on the merits subject to the doctrine of claim preclusion, the claims must still be dismissed. While a dismissal on jurisdictional grounds has no claim-preclusive effect, the doctrine of issue preclusion bars relitigation of the specific issues that the prior court decided in reaching its jurisdictional determination. *See St. Pierre*, 208 F.3d at 401 (prior dismissal for lack of standing did not bar subsequent claim but did bar relitigation of specific finding that plaintiff was not loss payee on insurance policy). The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually

litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

Here, as Plaintiff seeks to bring the identical claims presented in *Mamot I* and the subsequent cases, his claims are barred under the doctrine of issue preclusion. *See Stengel v. Black,* 486 F. App'x 181, 183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication of the merits of a claim, such a dismissal precludes re-litigation of the issue it decided.") (internal citation omitted).

In any event, Plaintiff's claims are still barred under the Eleventh Amendment because "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's claims against New York State officials are therefore barred by the Eleventh Amendment and must be dismissed.

The Court therefore dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that

the plaintiff's claims are barred as a matter of law" by claim preclusion). Plaintiff's claims are also dismissed as barred under the Eleventh Amendment barred and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1] All other pending matters in this case are terminated..

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] On September 27, 2021, the Court granted Plaintiff 30 days' leave to show cause why he should not be barred from filing civil actions IFP in this court without first obtaining permission. *Mamot v. Geico Car Ins.*, ECF 1:21-CV-6717, 4, at 9 (S.D.N.Y. Sept. 27, 2021). That order was issued because of Plaintiff's history of filing nonmeritorious or vexatious litigation in this court, and his failure to heed the court's previous warning. *Id.* at 7-8. Plaintiff filed this action before the Court issued its September 27, 2021 order, but this action is not a departure from his pattern of nonmeritorious or vexatious litigation.

9

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: November 5, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge